## THE UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

**REDLAND INSURANCE COMPANY**

    **Plaintiff,**

**CIVIL ACTION NO.: 3:03 CV 0329 (AWT)**

**V.**

**TRUMBULL SHOPPING CENTER, LLC #2 a/k/a WESTLAND PROPERTIES, INC. a/k/a WESTLAND PROPERTY, INC. a/k/a WESTFIELD AMERICA, INC. a/k/a WESTFIELD CORPORATION, INC.**

    **Defendants.**

**DECEMBER 30, 2003**

## <u>DEFENDANT WESTLAND'S MOTION FOR SUMMARY JUDGMENT</u>

Pursuant to Rule 56 of the Federal Rules of Civil Procedure, the defendant, Trumbull Shopping Center, LLC #2 a/k/a Westland Properties, Inc. a/k/a Westland Property, Inc. a/k/a Westfield America, Inc. a/k/a Westfield Corporation, Inc. (collectively "Westland"), hereby moves for summary judgment in its favor on the Plaintiff, Redland Insurance Company's

**ORAL ARGUMENT IS NOT REQUESTED**

("Redland"), Complaint for Declaratory Judgment dated February 25, 2003 (the "Complaint").

Redland's Complaint seeks a declaration of its obligations to defend and indemnify Westland,

specifically asking this Court to issue a declaratory judgment that Redland neither has the duty to

indemnify nor defend Westland in an underlying personal injury lawsuit pending in Connecticut

Superior Court and scheduled for trial in February, 2004.

Summary judgment on the Complaint is appropriate and should be granted because no

genuine issue of material fact exists as to Redland's obligation to provide coverage for Westland

in the underlying personal injury lawsuit.  Specifically, summary judgment on Westland's behalf

is appropriate because (1) Westland clearly qualifies as an additional insured under the

Additional Insured Endorsement to the subject general liability insurance policy (the "Policy")

issued by Redland; and (2) the exclusion in said Endorsement for design defect or structural

maintenance of the subject premises does not apply to the underlying incident at issue and

therefore does not bar coverage for Westland under the Policy.

As set forth more fully in the accompanying Memorandum of Law in Support of

Westland's Motion for Summary Judgment, the facts relevant to this coverage issue are

undisputed – the plain language of the Policy as applied to these undisputed facts unequivocally

leads to the conclusion that Redland is obligated to provide Westland with a full defense and

indemnity for any judgment that may be rendered against Westland in the underlying lawsuit.

In accordance with the requirements of Local Rule 56(a)(1) of the District Court for the

District of Connecticut, Westland has annexed to this Motion its Local Rule 56(a)(1) Statement,

together with referenced exhibits, including requisite supporting affidavits.

WHEREFORE, Westland respectfully requests that the Court: (1) grant summary

judgment on the Complaint in Westland's favor and against Redland; and (2) award Westland all

of its costs, counsel fees and expenses incurred in connection with this action.

Dated at New Haven, Connecticut this 30th day of December, 2003.

Respectfully submitted,

**THE DEFENDANTS**
**TRUMBULL SHOPPING CENTER, LLC #2 a/k/a**
**WESTLAND PROPERTIES, INC. a/k/a WESTLAND**
**PROPERTY, INC. a/k/a WESTFIELD AMERICA,**
**INC. a/k/a WESTFIELD CORPORATION, INC.**


By_____
    Robert B. Flynn (ct15803)
    S. Peter Sachner (ct13421)
    TYLER COOPER & ALCORN, LLP
    205 Church Street
    P. O. Box 1936
    New Haven, Connecticut 06509-1910
    Tel:   203.784.8200
    Fax: 203.789.8069
    E-mail:  flynn@tylercooper.com
    E-mail:  sachner@tylercooper.com
            - Their Attorneys -

## CERTIFICATION

I hereby certify that a copy of the foregoing was mailed first class mail, postage prepaid,

to the following counsel and pro-se parties of record this 30th day of December, 2003.

Steve Broer, Esquire
Halloran & Sage, LLP
One Goodwin Square
225 Asylum Street
Hartford, CT 06103


Stephen Jacques, Esquire
Moore, O'Brien, Jacques & Yelenak
700 West Johnson Avenue, #207
Cheshire, CT 06410-1135

S. Peter Sachner (ct13421)

4

## THE UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

REDLAND INSURANCE COMPANY

     Plaintiff,

                                    CIVIL ACTION NO.: 3:03 CV 0329
                                      (AWT)

V.


TRUMBULL SHOPPING CENTER, LLC
#2 a/k/a WESTLAND PROPERTIES,
INC. a/k/a WESTLAND PROPERTY,
INC. a/k/a WESTFIELD AMERICA, INC.
a/k/a WESTFIELD CORPORATION,
INC.

     Defendants.                        DECEMBER 30, 2003

## DEFENDANT WESTLAND'S LOCAL RULE 56(a)(1) STATEMENT

     This Statement is filed pursuant to Rule 56 of the Federal Rules of Civil Procedure and

Local Rule 56(a)(1). The defendant contends that there is no genuine issue to be tried as to the

following material facts:

1.    The defendant, Trumbull Shopping Center, LLC #2 a/k/a Westland Properties, Inc. a/k/a Westland Property, Inc. a/k/a Westfield America, Inc. a/k/a Westfield Corporation, Inc. (collectively "Westland") is the owner of a shopping mall located in Trumbull, Connecticut now known as Westfield Shoppingtown Trumbull, formerly known as the Trumbull Shopping Park (the "Mall").  Complaint at ¶ 2.

2.    The other named defendant in this action, Janet Edwards, commenced a lawsuit against Westland in the Connecticut Superior Court served on Westland on or about March 17, 2000 (the "Edwards Complaint"), alleging that on or about November 18, 1999, she injured herself when she fell off a stage located at the Mall.  Complaint at ¶¶ 5-7; Tab A at ¶ 4, Sachner Aff.

3.    On or about October 14, 1999, Westland entered into a written contract with E2 (the "E2 Contract") for a Christmas show to take place at the Mall on November 18, 1999 (the "Show").  Affidavit of Nikki Riccio ("Riccio Aff.") at ¶¶ 4-5; Tab A, Riccio Aff.

4.    Before the Show on November 18, 1999, Westland required that E2 name Westland as an additional insured on its operative general liability insurance policy.  Riccio Aff. at ¶ 11.

2

5.       The plaintiff, Redland Insurance Company ("Redland"), on November 18, 1999,

had in effect a Commercial General Liability policy, number GL99600875 (the "Policy"), which

named E2, Inc. ("E2") as the named insured.  Complaint for Declaratory Judgment (the

"Complaint") at ¶ 9; Tab B, Affidavit of S. Peter Sachner ("Sachner Aff.").

6.       Prior to the November 18, 1999 Show, E2's insurance agent issued a Certificate of

Insurance (the "Certificate") to Westland.  Riccio Aff. at ¶ 12; Tab B, Riccio Aff.

7.       The Certificate specifically identified Westland Properties, Inc. as an additional

insured.  Specially, the Certificate stated that the Certificate Holder, Westland, "is named as

additional insured as respects the operations of the named insured."  Westland Properties, Inc. is

identified as a certificate holder on the Certificate, as is Westfield Corporation, Inc. and all of its

affiliates.  The Certificate referred to the Policy issued by Redland to E2 which lists E2 as the

named insured.  Riccio Aff. at ¶ 12; Tab B, Riccio Aff.

8.       The relevant insuring agreement of the Policy, in Section 1-Coverages, Coverage

A, obligates Redland to "pay those sums that insured becomes legally obligated to pay as

damages because of 'bodily injury' or 'property damage' to which this insurance applies."  The

Policy Endorsement GL CONPRO 1 1298 (Concert Promoter Program Special Endorsement)

3

(the "Endorsement") contains an "Additional Insureds" section, which provides in relevant part that:

> Only if specifically declared as an "Additional Insured" with respect to a specific concert, as evidenced by a Certificate of Insurance issued for the Named Insured by or on behalf of the Company, it is agreed that the "Who Is An Insured" provision is amended to include as an Insured any person or organization of the types designated below, but only with respect to liability arising out of the Named Insured's operations as a concert promoter:
>
> 1.     Owners and/or Lessors of premises leased, rented or loaned to the Named Insured, subject to the following additional exclusions:
>
> > a.     This insurance does not apply to any occurrence which takes place after the Named Insured ceases to be a tenant in said premises;
> >
> > b.     This insurance does not apply to structural alterations, new construction or demolition operations performed by or on behalf of the owner and/or lessor of said premises;
> >
> > c.     This insurance does not apply to any design defect or structural maintenance of said premises.

Complaint at ¶¶ 11, 13; Tab B at p. GL CONPRO1 1298, at 1, Sachner Aff.; Sachner Aff. at ¶ 5.

     9.     The E2 Contract directed Westland to provide a ten foot by ten foot "staging area" for the Show.  Riccio Aff. at ¶ 6; Tab A, Riccio Aff.

     10.     The E2 Contract did not indicate in any way why those particular dimensions were requested.  Riccio Aff. at ¶ 6; Tab A, Riccio Aff.

11.     On November 18, 1999, Westland erected a temporary stage for the Show in one of the Mall's common areas.  Ricco Aff. at ¶ 7.

12.     The temporary stage consisted of three separate portable components, each having a four foot by eight foot platform, which were fastened securely together.  The stage platform measured two feet tall.  After the Show ended, Westland disassembled the stage.  Riccio Aff. at ¶ 7.

13.     Approximately two hours prior to the Show, Westland personnel, including Nikki Riccio, Marketing Director of the Mall, met with E2 personnel, including Janet Edwards and Matthew Miller.  Riccio Aff. at ¶¶ 3-4, 8.

14.     At that time, prior to the Show, Ms. Riccio told Mr. Miller and Ms. Edwards that the temporary stage was eight feet by twelve feet in total rather than ten feet by ten feet.  Riccio Aff. at ¶ 8.

15.     Ms. Riccio stated that, if the stage size was inadequate for the performance, Westland could remove the stage and Ms. Edwards could then perform the Show on the floor.  Riccio Aff. at ¶ 8.

5

16.    However, Ms. Edwards and/or E2 declined this invitation to remove the stage and instead used the stage as is.  Ms. Edwards and/or E2 personnel rehearsed their performance on the stage before the Show.  Riccio Aff. at ¶¶ 8-9.

17.    During the Show, Edwards, who was dressed in a Paddington Bear costume, fell off the front of the stage and injured herself.  Riccio Aff. at ¶¶ 4, 10.

18.    At no time during the Show was the structural integrity of the stage itself compromised; rather, Ms. Edwards simply fell off the front of the stage.  Riccio Aff. at ¶ 10.

19.    In the Edwards Complaint, Janet Edwards claims that her injuries were caused by the negligence of Westland and E2.  Specifically, she alleges with respect to Westland that:

> [Her injuries] were proximately caused by [the] negligence of defendant [Westland] in one or more of the following ways: (a) failure to provide the plaintiff with a stage of an adequate size on which to perform; (b) failure to provide the plaintiff with a stage that featured adequate and proper safety devices; (c) failure to inform the plaintiff sufficiently in advance of the aforesaid children's performance of the size of the available state; and (d) failure of the defendant to apprise itself in advance of the plaintiff to undertake the performance in a safe manner.

Tab A at Count One, ¶ 5, Sachner Aff.; Sachner Aff. at ¶ 4.

20.    The Second Count of the Edwards Complaint states a claim for negligence against E2.  Tab A at Count Two, Sachner Aff.

21.     After initially being served with the Edwards Complaint, Westland tendered to
Redland a claim for defense and indemnity coverage under the Policy.  Sachner Aff. at ¶ 6.
Redland accepted Westland's tender of the claim, stating that Westland qualified as an additional
insured, but then subsequently revoked its initial acceptance of the defense and indemnification
of Westland and denied the claim.  Tab C, Sachner Aff. (July 13, 2000 declination letter from
Redland); Sachner Aff. at ¶ 6.

22.     Westland commenced a bad faith insurance coverage lawsuit in Connecticut
Superior Court as a result of Redland's initial acceptance and then denial of the claim against
Westland in the Edwards Complaint.  Sachner Aff. at ¶ 5.

23.     On October 15, 2002, Westland and Redland entered into a written Settlement
Agreement ending Westland's bad faith action against Redland.  Sachner Aff. at ¶ 7; Tab D,
Sachner Aff.

24.     In the Settlement Agreement, Redland agreed (1) to pay Westland $50,000 in
exchange for withdrawing the bad faith claim; and (2) to assume the defense of Westland under a
reservation of rights.  Westland, in turn, expressly reserved its right to seek attorneys' fees and
expenses from Redland in the event Redland pursued a declaratory judgment and lost.  Tab D at
Sec. 3.2, Sachner Aff.

Dated at New Haven, Connecticut this 30th day of December, 2003.

Respectfully submitted,

**THE DEFENDANTS
TRUMBULL SHOPPING CENTER, LLC #2 a/k/a
WESTLAND PROPERTIES, INC. a/k/a WESTLAND
PROPERTY, INC. a/k/a WESTFIELD AMERICA,
INC. a/k/a WESTFIELD CORPORATION, INC.**

By_____

    Robert B. Flynn (ct15803)
    S. Peter Sachner (ct13421)
    TYLER COOPER & ALCORN, LLP
    205 Church Street
    P. O. Box 1936
    New Haven, Connecticut 06509-1910
    Tel:   203.784.8200
    Fax: 203.789.8069
    E-mail:  flynn@tylercooper.com
    E-mail:  sachner@tylercooper.com

    - Their Attorneys -

8

## THE UNITED STATES DISTRICT COURT
### DISTRICT OF CONNECTICUT

REDLAND INSURANCE COMPANY

     **Plaintiff,**

                                  **CIVIL ACTION NO.: 3:03 CV 0329 (AWT)**

**V.**

**TRUMBULL SHOPPING CENTER, LLC #2 a/k/a WESTLAND PROPERTIES, INC. a/k/a WESTLAND PROPERTY, INC. a/k/a WESTFIELD AMERICA, INC. a/k/a WESTFIELD CORPORATION, INC. and JANET EDWARDS,**

     **Defendants.**                      **DECEMBER 29, 2003**

## AFFIDAVIT OF S. PETER SACHNER

STATE OF CONNECTICUT )
                        )     SS: NEW HAVEN
COUNTY OF NEW HAVEN )

I, S. Peter Sachner, counsel for the defendant, Trumbull Shopping Center, LLC #2 a/k/a Westland Properties, Inc. a/k/a Westland Property, Inc. a/k/a Westfield America, Inc. a/k/a Westfield Corporation, Inc. (collectively "Westland"), in the above-captioned matter, hereby deposes and states that: