THE UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| REDLAND INSURANCE COMPANY<br><br>Plaintiff,<br><br>V.<br><br>TRUMBULL SHOPPING CENTER, LLC #2 a/k/a WESTLAND PROPERTIES, INC. a/k/a WESTLAND PROPERTY, INC. a/k/a WESTFIELD AMERICA, INC. a/k/a WESTFIELD CORPORATION, INC. and JANET EDWARDS,<br><br>Defendants. | CIVIL ACTION NO.: 3:03 CV 0329 (AWT)<br><br><br><br><br><br><br><br><br><br>DECEMBER 30, 2003 |

## DEFENDANT'S MOTION FOR LEAVE TO AMEND ANSWER

Pursuant to Fed. R. Civ. P. 15(a), defendant Trumbull Shopping Center #2, LLC ("TSC") respectfully moves this Court for permission to amend its Answer, dated September 10, 2003, to add a counterclaim pursuant to Fed. R. Civ. P. 13(e) and (f) clarifying that the defendant is seeking the award of costs and attorneys' fees in connection with its defense of this declaratory

**ORAL ARGUMENT NOT REQUESTED**

judgment action, and asserting a claim for breach of duty to indemnify and breach of the covenant of good faith and fair dealing. In support of this Motion, TSC states that:

1. The Plaintiff, Redland Insurance Company ("Redland"), commenced this action by a Complaint for Declaratory Judgment dated February 25, 2003 ("Complaint").

2. In its Complaint, Redland seeks a judicial determination of insurance coverage in connection with a personal injury lawsuit brought against TSC by Janet Edwards pending in the Connecticut Superior Court, Judicial District of Fairfield at Bridgeport.

3. TSC filed its Answer to Redland's Complaint on September 10, 2003. In this Answer, TSC requested the Court to enter judgment in its favor, among other things, awarding TSC its costs and attorneys' fees. See Answer to Complaint for Declaratory Judgment, dated September 10, 2003, at p. 4, ¶ 2. Accordingly, Redland is already on notice that TSC seeks costs and attorneys' fees in connection with TSC's defense of this declaratory judgment action.

4. Although TSC has already requested such relief, it wishes to amend its Answer to add a count in its counterclaim clarifying that it is seeking the award of such costs and attorneys' fees. A proposed Amended Answer to Complaint for Declaratory Judgment and Counterclaim ("proposed Amended Answer") is attached hereto as Exhibit A.

2

5.  TSC also asserts in its proposed counterclaim claims for breach of duty to indemnify and breach of the covenant of good faith and fair dealing. Redland likewise is already on notice of these potential claims given the history of litigation between the parties, and specifically, provisions in a Settlement Agreement between the parties arising out of a previous lawsuit concerning the same insurance policy at issue here. (See Agreement attached as Exhibit 1 to proposed Amended Answer, annexed hereto.)

6.  Pursuant to Rule 15(a) of the Federal Rules of Civil Procedure, "a party may amend the party's pleading only by leave of court or by written consent of the adverse party; and shall be freely given when justice so requires."

7.  The undersigned has consulted with Attorney Broer, counsel for Redland, concerning the proposed amendment. Attorney Broer has advised the undersigned that Redland does not consent to the proposed amendment.

8.  The defendant, TSC, makes this request for an amendment of its answer in good faith. The amendment will not cause the plaintiff any prejudice and will not result in a delay of a trial of this matter. Pursuant to the Report of Parties' Planning Meeting dated September 4, 2003, approved by the Court on September 17, 2003, the deadline by which discovery is to be completed is June 30, 2004. Discovery in this matter is just beginning, no depositions have yet

been conducted or scheduled, and the parties have not yet responded formally to any written discovery requests. This case has not been assigned for trial, and the parties' joint trial memoranda are not due until September 30, 2004.

      WHEREFORE, the defendant, TSC, respectfully requests the Court's permission to file the Amended Answer attached hereto as Exhibit A.

                Respectfully submitted,

                THE DEFENDANT,
                TRUMBULL SHOPPING CENTER, LLC #2
                a/k/a WESTLAND PROPERTIES, INC.
                a/k/a WESTLAND PROPERTY, INC.
                a/k/a WESTFIELD AMERICA, INC.
                a/k/a WESTFIELD CORPORATION, INC.

                By_____
                      Robert B. Flynn (ct15803)
                      S. Peter Sachner (ct13421)
                      TYLER COOPER & ALCORN, LLP
                      205 Church Street
                      P. O. Box 1936
                      New Haven, Connecticut 06509-1910
                      Tel:   203.784-8200
                      Fax:  203.789-8069
                      E-mail:  flynn@tylercooper.com
                      E-mail:  sachner@tylercooper.com

                - Their Attorneys -

## **CERTIFICATION**

I hereby certify that a copy of the foregoing was mailed first class mail, postage prepaid, to the following counsel and pro-se parties of record this 30th day of December, 2003.

Steve Broer, Esquire
Halloran & Sage, LLP
One Goodwin Square
225 Asylum Street
Hartford, CT 06103

Stephen Jacques, Esquire
Moore, O'Brien, Jacques & Yelenak
700 West Johnson Avenue, #207
Cheshire, CT 06410-1135

_____
S. Peter Sachner (ct13421)

# Exhibit A

THE UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| **REDLAND INSURANCE COMPANY**<br><br>    Plaintiff,<br><br><br>V.<br><br><br>**TRUMBULL SHOPPING CENTER, LLC #2 a/k/a WESTLAND PROPERTIES, INC. a/k/a WESTLAND PROPERTY, INC. a/k/a WESTFIELD AMERICA, INC. a/k/a WESTFIELD CORPORATION, INC.**<br><br>    Defendants. | CIVIL ACTION NO.: 3:03 CV 0329 (AWT)<br><br><br><br><br><br><br><br><br>DECEMBER 30, 2003 |

## AMENDED ANSWER TO COMPLAINT FOR DECLARATORY JUDGMENT AND COUNTERCLAIM

Defendant Trumbull Shopping Center #2 LLC ("TSC") answers Plaintiff's Complaint for Declaratory Judgment dated February 25, 2003 as follows:

1.     Trumbull Shopping Center #2 LLC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 1.

2.  TSC is incorrectly identified in the caption as "Trumbull Shopping Center, LLC #2." The correct name of the defendant is "Trumbull Shopping Center #2 LLC." TSC admits that is a corporation and is the owner of Westfield Shoppingtown Trumbull, which was formerly known as the Trumbull Shopping Park. TSC denies the remaining allegations in paragraph 2.

3.  TSC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 3.

### Venue, Jurisdiction and Applicable Law

4.  To the extent the allegations contained in paragraph 4 are legal conclusions, no response is required. TSC lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 4.

### Claims for Relief

5.  TSC admits that defendant Janet Edwards ("Edwards") commenced suit against Westland Properties, Inc. and E2, Inc. TSC further admits that the suit was filed in the Judicial District of Stamford and was subsequently transferred to the Judicial District of Fairfield at Bridgeport.

6.  To the extent that the allegations in paragraph 6 are legal conclusions, no response is required. TSC admits the remaining allegations in paragraph 6.

2

7.      TSC admits that Edwards alleges in her Amended Complaint that "on or about November 18, 1999, she was caused to slip and fall off an elevated stage and to sustain . . . injuries" as a result of the alleged fall.

8.      TSC admits that in Edwards' Amended Complaint, she alleges that the damages and injuries she sustained were proximately caused by the negligence of Westland Properties, Inc. and E2, Inc. TSC further admits that Edwards' Amended Complaint contains the allegations listed in subsections (a) through (d) of paragraph 8 of the Complaint.

### The Redland Insurance Company Policy

9.      TSC admits that The Redland Insurance Company commercial general liability policy referenced in paragraph 9 of the Complaint ("the Policy") describes E2, Inc. as a "Named Insured."

10.     TSC admits the allegations in paragraph 10 of the Complaint.

11.     To the extent that the allegations in paragraph 11 constitute legal conclusions, no responsive pleading is required. Furthermore, the allegations in paragraph 11 fail to accurately set forth the language of the Policy; therefore TSC denies the remaining allegations in paragraph 11 of the Complaint.

12.     TSC admits that the quoted language in paragraph 12 appears in the Policy. TSC denies the remaining allegations in paragraph 12.

3

13. TSC admits that the Policy contains an endorsement labeled GL Conpro1 1298. The allegations in paragraph 13 fail to accurately set forth the language of the endorsement; therefore, TSC denies the remaining allegations in paragraph 13 of the Complaint.

14. TSC lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 14.

15. TSC denies the allegations in paragraph 15.

16. TSC denies the allegations in paragraph 16.

## AFFIRMATIVE DEFENSE

Plaintiff fails to state a claim upon which relief can be granted.

## COUNTERCLAIM

### First Count - Breach of Duty to Indemnify

1. The Counterclaim Plaintiff/defendant Trumbull Shopping Center #2, LLC ("TSC" or "Counterclaim Plaintiff"), successor to Westland Properties, Inc. ("Westland") (collectively "TSC") is a Connecticut limited liability company and owner of a shopping mall located at 5065 Main Street, Trumbull, Connecticut known as Westfield Shoppingtown Trumbull f/k/a Trumbull Shopping Park (the "Mall").

2.      The Counterclaim Defendant/plaintiff Redland Insurance Company ("Redland" or "Counterclaim Defendant"), is an Iowa corporation with a principal place of business in Council Bluffs, Iowa, and is authorized to do business in the State of Connecticut.

3.      Jurisdiction is invoked under the provisions of 28 U.S.C. § 1332 and 2201, as the amount in controversy exceeds $75,000.00, exclusive of interests and costs, and the controversy is between citizens of different states. This action also seeks a declaratory judgment of liability for costs and attorneys' fees.

4.      E2, Inc. ("E2") is an entertainment production company incorporated under the laws of California located at 1125 North Linder Canyon, Suite A8-337, Westlake Village, California.

5.      TSC and E2 entered into an agreement for E2 to produce a Christmas show (the "Show") performed at the Mall on or about November 18, 1999, involving costumed characters and performed by Janet Edwards ("Edwards").

6.      Redland issued a Commercial General Liability policy ("Policy"), no. GL99600875, with an effective date of coverage from August 8, 1999 to August 8, 2000, naming E2 as the insured and naming TSC as an additional insured pursuant to endorsement CONPRO 1 1298 of said Policy. Under said Policy, TSC was to be covered by Redland with respect to the operations of the named insured, E2, including E2's and Edwards' performance at the Mall on or about November 18, 1999.

5

7. Edwards, dressed in a Paddington Bear costume, while performing in the Show at the Mall on or about November 18, 1999, allegedly injured herself when she fell off a temporary stage during the Show.

8. The Policy naming TSC as an additional insured was in full force and effect without reservation at the time Edwards was injured.

9. On or about March 18, 2000, Edwards commenced a personal injury action against TSC and E2 in the Connecticut Superior Court (the "Edwards Complaint"). (Copy attached as Exhibit A to Counterclaim Defendant/plaintiff Redland's Complaint).

10. In the Edwards Complaint, Edwards claims that her injuries were caused by the negligence of E2 and TSC. Among other things, she alleges that TSC failed to provide her with a stage of adequate size.

11. After being served with the Edwards Complaint, TSC tendered to Redland a claim for defense and indemnity coverage under the Policy.

12. By letter dated March 30, 2000, Redland accepted TSC's tender of the claim, stating that "[TSC] qualifies as an additional insured for purposes of the claim being asserted by [Edwards]."

13. Redland thereby accepted the defense and indemnification of TSC without a reservation of rights and was legally obligated to defend and indemnify TSC in the Edwards lawsuit.

14. Subsequently, by letter dated July 13, 2000, Redland revoked its acceptance of the defense and indemnification of TSC in connection with the Edwards Complaint.

15. On or about February 15, 2001, TSC instituted a bad faith action against Redland captioned Trumbull Shopping Center, LLC #2 v. Redland Insurance Company, bearing Docket No. CV-01-0381442S, in the Connecticut Superior Court, seeking, among other things, a determination of Redland's obligations under the Policy (the "Bad Faith Action").

16. On or about October 15, 2002, TSC and Redland entered into a written Settlement Agreement ("Agreement") ending TSC's Bad Faith Action against Redland. (A copy of the Agreement is attached hereto as Exhibit 1 and incorporated by reference.)

17. In the Agreement, Redland agreed (1) to pay TSC $50,000 in exchange for withdrawing the Bad Faith Action; and (2) to assume the defense of TSC under a reservation of rights. TSC, in turn, expressly reserved its right to seek its attorneys' fees, costs, compensatory damages and/or any other type of relief provided for by applicable law against Redland in the event Redland pursued a declaratory judgment action and did not prevail. (Exhibit 1, Sec. 3.2.)

18. In the Agreement, TSC further reserved its right to bring a claim for breach of duty to indemnify and bad faith against Redland in connection with the Edwards Complaint, absent a judicial determination that there is no coverage to TSC under the Policy. (Exhibit 1, Sec. 3.2.)

19. By refusing to indemnify TSC with regard to the Edwards Complaint, Redland has breached the conditions of the Policy under which TSC was named and qualifies as an additional insured.

20. TSC has incurred and will continue to incur, damages because of Redland's failure to indemnify it in connection with the Edwards Complaint.

**Second Count: Breach of the Covenant of Good Faith and Fair Dealing**

1-20. Paragraphs 1-20 of the First Count are hereby re-alleged and incorporated by reference as Paragraphs 1-20 of the Second Count.

21. In failing to abide by its contractual commitments under the Policy as alleged in Paragraph 19 above, Redland has also breached the implied covenant of good faith and fair dealing with respect to the insurance policy coverage.

22. TSC has incurred and will continue to incur, damages because of Redland's failure to indemnify it and provide coverage under the Policy in connection with the Edwards Complaint.

**Third Count: Declaratory Judgment of Liability for Costs and Expenses**

1. The allegations contained in the First and Second Counts are hereby re-alleged and incorporated by reference in their entirety as if set forth fully herein in the Third Count.

2. TSC has a legal and/or equitable interest in determining Redland's liability for

8

costs and expenses in connection with Redland's pursuit of its Complaint for Declaratory Judgment, including, but not limited to, costs, expenses and attorneys' fees expended by TSC in response to said Complaint and future such costs, expenses, fees and/or damages in connection with Redland's refusal to indemnify TSC in connection with the Edwards Complaint.

    3.    There is an actual and bona fide and substantial question, issue or controversy between TSC and Redland regarding said liability for said costs and expenses.

    4.    Redland, as the sole interested party for purposes of this Count, is a party to this action and has notice of the pendency of this action and Counterclaim. TSC seeks a declaratory judgment that Redland is liable for and shall pay all costs, fees and expenses incurred by TSC for any purpose connected with this action, including without limitation the costs of defending against Redland's Complaint for Declaratory Judgment.

**WHEREFORE,** Counterclaim Plaintiff/defendant Trumbull Shopping Center #2 LLC asks the Court to enter judgment in its favor as follows:

    1.    Denying the ruling sought by Redland and declaring that Redland has an obligation to provide TSC with a defense and indemnity in connection with the Edward's lawsuit;

    2.    Awarding TSC its costs and attorneys' fees; and

    3.    Awarding TSC compensatory damages and/or any and all such other and further relief as it deems just and proper.

Respectfully submitted,

THE DEFENDANT
TRUMBULL SHOPPING CENTER, LLC #2 a/k/a
WESTLAND PROPERTIES, INC. a/k/a WESTLAND
PROPERTY, INC. a/k/a WESTFIELD AMERICA,
INC. a/k/a WESTFIELD CORPORATION, INC.

By _____
   Robert B. Flynn (ct15803)
   S. Peter Sachner (ct13421)
   TYLER COOPER & ALCORN, LLP
   205 Church Street, P. O. Box 1936
   New Haven, Connecticut 06509-1910
   Tel:  203.784.8200
   Fax: 203.789.8069
   E-mail:  flynn@tylercooper.com
   E-mail:  sachner@tylercooper.com

   - Their Attorneys -