Exhibit

1

Bridgeport, seeking, among other things, a determination of Redland's obligations under the Policy ("the Pending Action");

**WHEREAS,** the Parties now desire to resolve, compromise, and settle their differences pursuant to the terms and conditions set forth below;

**NOW, THEREFORE,** in consideration of the foregoing and the mutual promises and covenants contained herein, the sufficiency of which is hereby acknowledged, and intending to be legally bound, the Parties agree as follows:

1. **DEFINITIONS**

For purposes of this Agreement, the following defined terms shall have the meanings set forth below:

1.1. "Trumbull Shopping Center" means Trumbull Shopping Center #2, LLC, Westfield Shoppingtown Trumbull, f/k/a Trumbull Shopping Park, Westland Properties, Inc., Westland Property, Inc., Westfield America, Inc., and Westfield Corporation, Inc., their current or former parent companies, subsidiaries or affiliates of any of them and their current or former partners, limited partners, managers, predecessors, successors, stockholders, employees, agents, officers, directors and attorneys, and all other persons acting on their behalf with respect to the events, transactions, or occurrences that are the subject of this Agreement.

1.2. "Redland" shall mean Redland Insurance Company, Acceptance Insurance Company, Redland Insurance Companies, current or former affiliates, subsidiaries, divisions, predecessors, successors, parent companies, assigns, employees, servants and agents, and all other persons acting on its behalf with respect to the events, transactions, or occurrences that are the subject of this Agreement.

1.3. "Person" or "persons" shall mean and include natural persons, proprietorships, corporations, public corporations, municipal corporations, partnerships, groups, associations, or any other business or public organization or entity.

1.4. "The Policy" or "insurance policy" shall mean the full text, including all binders, certificates, endorsements, declarations, amendments, modifications or riders thereto, of a Commercial General Liability policy No. GL 99600875 (successor to Policy No. GL 99600291) issued by Redland with an effective policy period from August 8, 1999 to August 8, 2000.

1.5. "The Parties" shall mean Trumbull Shopping Center and/or Redland.

1.6. "Claims" shall mean any and all past, present, or future, known or unknown, fixed or contingent, matured or unmatured, liquidated or unliquidated, claims, causes of actions, cross-claims, liabilities, rights, demands, penalties, assessments, damages, requests, suits, lawsuits, costs, interest of any kind, actions, administrative proceedings, or orders, of whatever nature, character, type or description, whenever and however occurring, whether at law or in equity, and whether sounding in tort or contract or any statutory or common law claim or remedy of any type, except as specifically excepted by the terms and conditions expressly set forth below.

1.7. "Effective Date Of This Agreement" shall mean the date of the last signature placed hereon, and this Agreement shall be effective as of such date.

1.8. As used in this Agreement, the singular and masculine gender shall mean also the plural and feminine or neuter, as may be appropriate; the conjunctive includes the disjunctive, and the disjunctive includes the conjunctive; "it" shall include "he" and "she"; and "each" and "all" includes "each" and "every."

1.9. "The Pending Action" shall refer to litigation pending in the Connecticut Superior

Court, Judicial District of Fairfield at Bridgeport, bearing Docket No. CV-01-0381442S, captioned Trumbull Shopping Center, LLC #2 v. Redland Insurance Company.

2. **PAYMENT TO TRUMBULL SHOPPING CENTER BY REDLAND**

2.1. **Payment by Redland.** Within thirty (30) calendar days of the Effective Date of this Agreement, Redland shall pay to Trumbull Shopping Center the total sum of Fifty Thousand Dollars ($50,000.00) (hereinafter referred to as the "Settlement Sum"). Payment of the Settlement Sum shall be made by check or draft made payable to **Westfield Corporation, Inc.**

2.2. **Delivery of Payments.** The Settlement Sum shall be delivered to S. Peter Sachner, Esquire, attorney for Trumbull Shopping Center, or as Trumbull Shopping Center subsequently may direct in writing.

2.3. **Execution, Delivery, and Filing of Withdrawal of Action.** Within seven (7) business days after Trumbull Shopping Center's receipt of the Settlement Sum, Trumbull Shopping Center shall file a Withdrawal of Action as to the Pending Action without additional costs to either Party. The Parties agree to cooperate and take any other actions necessary to effect the withdrawal of the Pending Action.

3. **RELEASES**

3.1. **Mutual Releases.** It is the express intent and understanding of the Parties that, in consideration for payment of the Settlement Sum, and on condition of the covenants and agreements contained herein, the Parties mutually release and discharge each other from any and all past and present claims, demands, actions, causes of actions, obligations and liabilities of any kind or nature whatsoever, whether known or unknown, which either of them may have had or claimed to have had, or may now have or claim to have, in connection with, relating to or arising

out of the Policy, and connected with, or related to, the handling of all claims and the negotiation of all disputes between the Parties, except as expressly provided for immediately below and in Sections 3.2 and 3.4. In addition, Redland covenants and agrees to provide a full defense to Trumbull Shopping Center in connection with the Janet Edwards claim, under a reservation of rights under the Policy. Redland herein acknowledges its duty to defend Trumbull Shopping Center under a reservation of rights as aforesaid as an additional named insured under the Policy. Trumbull Shopping Center expressly reserves its right to tender a demand for indemnity under the Policy in the event of an adverse verdict or judgment rendered against it in connection with the Janet Edwards claim.

    3.2.    **<u>Additional Release by Trumbull Shopping Center.</u>**  Trumbull Shopping Center further releases Redland from any prior claim under the Policy for alleged breach of duty to defend in connection with the Janet Edwards claim, provided that Redland through its Retained Counsel competently and in good faith provides representation for and defends the interests of Trumbull Shopping Center. Trumbull Shopping Center further releases Redland from any prior claim under the Policy for alleged breach of duty to indemnify in connection with the Janet Edwards claim, provided that Redland does not expressly disclaim or deny coverage to Trumbull Shopping Center arising out of the claims asserted by Janet Edwards without a judicial determination that there is no coverage under the policy. In the event of such denial or disclaimer, Trumbull Shopping Center expressly reserves its right to bring a claim for bad faith, seeking compensatory damages, costs and attorneys' fees and/or any other type of relief provided under applicable law.

    This provision does not apply if, in the course of a declaratory judgment action, instituted

by either Redland or Trumbull Shopping Center, it is determined by either a jury or a court that Redland does not owe Trumbull Shopping Center a defense or indemnity of the Janet Edwards claim. Redland's disclaimer of coverage or withdrawal of defense based on a judicial ruling that there is no coverage or entitlement to the provision of a defense under the policy will preclude Trumbull Shopping Center from bringing a claim for bad faith, seeking compensatory damages, costs and attorneys fees and/or any other type of relief against Redland arising out of the Janet Edwards claim. However, in the event that Redland brings such a declaratory judgment action, and does not prevail, Trumbull shall be entitled to and expressly reserves its right to seek compensatory damages, costs and attorneys fees and/or any other type of relief provided for by applicable law against Redland arising out of the aforementioned declaratory judgment action.

  **3.3**  **Releases Do Not Extend To Obligations Under The Agreement.** The releases set forth above are not intended to, and shall not, extend to or otherwise release or discharge any rights, privileges, benefits, duties, or obligations of any of the Parties hereto by reason of, or otherwise arising under, this Agreement.

  **3.4.**  **Subsequent Discovery of Different Facts.** The Parties hereto, and each of them, acknowledge that they may hereafter discover facts different from, or in addition to, those which they now believe to be true with respect to any and all of the Claims herein released. Nevertheless, except for those provisions expressly set forth above in Sections 3.1, 3.2 and 3.3, the Parties hereto, and each of them, hereby agree that each of the releases set forth above shall be and remain effective in all respects, notwithstanding the discovery of such additional or different facts.

  **3.5.**  **Beneficiaries of Releases.** To the extent that the releases set forth above run to

the favor of any Persons who are not signatories hereto, this Agreement is hereby declared to be made in and for their respective benefits and uses.

    3.6.    **No Assignment of Claims.**  The Parties warrant and represent that they have not assigned or transferred and will not assign or transfer, in whole or in part, to any person or entity all or any portion of the matters released or agreed to herein.

    3.7.    **Confidentiality.**  The Parties agree that the terms and provisions of this Agreement shall be, and remain, strictly confidential.  Accordingly, the Parties agree that neither this Agreement, nor any of its terms, shall be disclosed to any person or entity except (a) as required by law or court order; (b) to present outside counsel, in-house counsel, accountants and auditors of any of the Parties hereto; (c) in any action or proceeding where the existence of the terms of this Agreement are at issue; or (d) by express written agreement of the Parties.

4.    **MISCELLANEOUS PROVISIONS**

    4.1.    **Representation With Respect to Defense.**  In connection with Redland's agreement to provide a defense to Trumbull Shopping Center as set forth in Section 3.1, Redland shall have the right to select defense counsel ("Retained Counsel") to represent and defend the interests of Trumbull Shopping Center in connection with the Janet Edwards claim at Redland's expense, pursuant to Redland's defense counsel guidelines and customary billing rate; provided, however, that such selection must be approved by Trumbull Shopping Center which approval shall not be unreasonably withheld.  It is agreed that Redland shall appoint the firm of Loughlin Fitzgerald Kamp Henrici et al., 150 South Main Street, Wallingford, CT 06492 as Retained Counsel to defend Trumbull Shopping Center in connection with the Janet Edwards claim, and that Trumbull Shopping Center approves such appointment.

4.2. **Amendments.** Neither this Agreement nor any terms set forth herein may be changed, waived, discharged, or terminated except by a writing signed by the Parties hereto.

4.3. **Agreement Voluntarily Entered Into By Each Of The Parties Hereto.** This Agreement is executed voluntarily by each of the Parties hereto without any duress or undue influence on the part, or on behalf, of any of them. The Parties hereto represent and warrant to each other that they have read and fully understand each of the provisions of this Agreement and have relied on the advice and representations of competent legal counsel of their own choosing.

4.4. **Interpretation.** This Agreement has been negotiated at arm's length and between and among Persons sophisticated and knowledgeable in the matters dealt with in this Agreement. In addition, this Agreement was drafted by experienced and knowledgeable legal counsel for each of the Parties hereto. Accordingly, neither Trumbull Shopping Center nor Redland shall be presumptively entitled to have any provisions of the Agreement construed against the other in accordance with any rule of law, legal decision or doctrine. The provisions of this Agreement shall be interpreted in a reasonable manner to effect the purposes of the Parties hereto and this Agreement.

4.5. **No Admission of Liability.** The Parties hereto agree that this Agreement is the result of a compromise and accord, and that the execution and delivery of this Agreement by any of the Parties hereto shall not constitute or be construed as an admission of any liability or wrongdoing on the part of any of them, but to the contrary, represents a compromise of certain asserted claims which are contested.

4.6. **Reliance Upon Representations.** Each of the Parties hereto acknowledge that, but for the provision of each of the warranties, representations, and acknowledgements set forth

hereinabove, none of the Parties hereto would enter into this Agreement.

  4.7. **Entire and Integrated Agreement.** This Agreement is intended by the Parties hereto as a final expression of their agreement and is intended to be a complete and exclusive statement of the agreement and understanding of the Parties hereto with respect to the subject matters contained herein. This Agreement supersedes any and all prior promises, representations, warranties, agreements, understandings, and undertakings between or among the Parties hereto with respect to such subject matters, and there are no promises, representations, warranties, agreements, understandings, or undertakings with respect to such subject matters other than those set forth or referred to herein.

  4.8. **No Third Party Beneficiaries.** Nothing in this Agreement is intended or shall be construed to give any Person, other than the Parties hereto and their respective successors and permitted assigns, any legal or equitable right, remedy, or claim under or in respect to this Agreement or any provisions contained herein; this Agreement and any conditions and provisions hereof being and intended to be for the sole and exclusive benefit of the Parties hereto and their respective successors and permitted assigns, and for the benefit of no other Person.

  4.9. **Successors And Assigns.** This Agreement shall bind, and inure to the benefit of, and be binding on, the respective directors, officers, shareholders, employees, agents, partners, representatives, attorneys, parent and affiliated corporations, subsidiaries, divisions, joint venturers, predecessors, successors, beneficiaries, grantees, vendees, transferees, assigns and heirs of each of the Parties hereto.

  4.10. **Severability.** If any provisions of this Agreement, or the application thereof, shall for any reason or to any extent be construed by a court of competent jurisdiction to be

invalid or unenforceable, the remainder of this Agreement, and application of such provisions to other circumstances, shall remain in effect and be interpreted so as best to reasonably effect the intent of the Parties hereto.

**4.11. Notice.** Any notice or request required or desired to be given pursuant to this Agreement shall be sufficient if made in writing and sent by first class mail, postage prepaid, addressed as follows or as the Parties subsequently may direct in writing:

  a.  As to Redland:
      Elizabeth A. Fitzsimmons, Esquire
      Halloran & Sage, LLP
      One Goodwin Square
      225 Asylum Street
      Hartford, CT 06103-4303

  b.  As to Trumbull Shopping Center:
      S. Peter Sachner, Esquire
      Tyler Cooper & Alcorn, LLP
      205 Church Street, P.O. Box 1936
      New Haven, CT 06509-1910

**4.12. Headings.** The section titles, captions, and headings contained in this Agreement are inserted as a matter of convenience and for reference, and shall in no way be construed to define, limit, or extend the scope of this Agreement or the effect of any of its provisions.

**4.13. Recitals.** The Recitals set forth at the beginning of this Agreement shall not be admissible to prove the truth of the matters asserted therein in any action or proceeding involving any of the Parties hereto (other than an action or proceeding brought to enforce the terms of this Agreement), nor do any of the Parties hereto intend such Recitals to constitute admissions of fact by any of them.

**4.14. Additional Representations and Warranties.** Each of the Parties hereto represents and warrants that (a) it is fully authorized to enter into this Agreement; (b) it has read

and fully understands each of the provisions of this Agreement, (c) it has relied on the advice and representation of legal counsel of its own choosing with respect to the matters set forth herein; (d) it has signed the Agreement voluntarily, without any duress or undue influence on the part, or on behalf, of any party; and (e) the terms of this Agreement are contractual and not merely recitals. In addition, each of the corporate parties that is still in existence as of the Effective Date of this Agreement represents and warrants that (a) it is duly organized and existing in good standing under the laws of one of the states of the United States; (b) it has taken all necessary corporate and internal legal actions to duly approve the making and performance of this Agreement and that no further corporate or internal approval is necessary; and (c) the making and performance of this Agreement will not violate any provision of law or the party's articles of incorporation, charter, or by-laws.

    4.15. **Additional Necessary Documents.** The Parties hereto, and each of them, agrees to execute such additional documents as may be reasonably required in order to carry out the purpose and intent of this Agreement, or to evidence anything contained herein.

    4.16. **Execution In Counterparts.** This Agreement may be signed in counterparts and the separate signature pages executed by the Parties may be combined to create a document binding on all of the Parties and together shall constitute one and the same instrument.

**IN WITNESS WHEREOF,** the Parties hereto have executed this Agreement as of the date set forth opposite the respective signatures below.

Dated:_____         REDLAND INSURANCE COMPANY

                                                                    By:_____

                                                                    Its:_____

STATE OF _____ )
                                                ) ss.:
COUNTY OF _____ )

On the \_\_\_\_ day of _____, 2002 before the undersigned personally appeared _____, known to me to be the person whose name is subscribed to the within instrument who acknowledged that he had read and voluntarily executed the same.

_____
Notary Public/
Commissioner of the Superior Court

IN WITNESS WHEREOF, the Parties hereto have executed this Agreement as of the date set forth opposite the respective signatures below.

Dated: *October 15, 2002*                REDLAND INSURANCE COMPANY

By: *Luke Hanke*
Its: *Claim Representative*

STATE OF *Iowa*         )
                        ) ss.:
COUNTY OF *Pottawattamie* )

On the *15th* day of *October*, 2002 before the undersigned personally appeared *Luke Hanke*, known to me to be the person whose name is subscribed to the within instrument who acknowledged that he had read and voluntarily executed the same.



*Susanne Kuester*
Notary Public/
Commissioner of the Superior Court

Dated: *October 15, 2002*                    TRUMBULL SHOPPING CENTER #2, LLC

By: _____

Its: SECRETARY

STATE OF California )
                    ) ss.:
COUNTY OF Los Angeles )

On the 15 day of October, 2002 before the undersigned personally appeared ELIZABETH WESTMAN, known to me to be the person whose name is subscribed to the within instrument who acknowledged that he had read and voluntarily executed the same.

_Annie M. Zettel_
Notary Public/
Commissioner of the Superior Court

350424.1(HSFP)

---

ANNIE M. ZETTEL
Commission # 1261423
Notary Public - California
Los Angeles County
My Comm. Expires Apr 21, 2004

## **CERTIFICATION**

  I hereby certify that a copy of the foregoing was mailed first class mail, postage prepaid, to the following counsel and pro-se parties of record this 30th day of December, 2003.

Steve Broer, Esq.
Halloran & Sage, LLP
One Goodwin Square
225 Asylum Street
Hartford, CT 06103


Stephen Jacques, Esq.
Moore, O'Brien, Jacques & Yelenak
700 West Johnson Avenue, #207
Cheshire, CT 06410-1135

_____
S. Peter Sachner (ct 13421)