UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| REDLAND INSURANCE COMPANY | : | CIVIL ACTION |
| | : | NO. 3:03 CV 0329 (AWT) |
| Plaintiff | : | |
| | : | |
| V. | : | |
| | : | |
| TRUMBULL SHOPPING CENTER | : | |
| LLC #2 a/k/a WESTLAND | : | |
| PROPERTIES, INC. a/k/a WESTLAND | : | |
| PROPERTY, INC. a/k/a WESTFIELD | : | |
| AMERICA, INC. a/k/a WESTFIELD | : | |
| CORPORATION, INC. and | : | |
| JANET EDWARDS | : | |
| | : | |
| Defendants | : | JANUARY 20, 2004 |

PLAINTIFF'S MEMORANDUM OF LAW IN OPPOSITION
TO DEFENDANT'S MOTION TO AMEND ANSWER

I.   **BACKGROUND**

By way of motion dated December 30, 2003, the defendant, Trumbull Shopping Center, LLC #2, a/k/a Westland Properties, Inc., a/k/a Westland Property, Inc., a/k/a Westfield America, Inc., a/k/a Westfield Corporation, Inc. (hereinafter referred to as "Trumbull") seeks to amend its answer dated September 10, 2003 by adding counterclaims demanding award of costs and attorneys' fees in connection with its defense of the present declaratory judgment action, breach of the duty to indemnify and breach of the covenant of good faith and fair dealing.   These proposed amendments are based on alleged breaches by the plaintiff, Redland Insurance Company

10688.0019.143

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

(hereinafter referred to as ("Redland") of the terms of a Commercial General Liability policy, number GL99600875 (hereinafter referred to as the "Policy"), issued by Redland that named E2, Inc. as the named insured and which was in effect on November 18, 1999. Trumbull asserts that it is entitled to defense and indemnification under the Policy in connection with a lawsuit commenced by Janet Edwards against Trumbull in the Superior Court for the Judicial District of Stamford, which case was subsequently transferred to the Judicial District of Fairfield at Bridgeport, bearing docket number CV 00-0386309-S (hereinafter the "Edwards lawsuit"). Trumbull has made a demand upon Redland under the Redland Policy for defense and indemnification in connection with the claims asserted against it by Janet Edwards in the Edwards lawsuit.

Trumbull's Motion for Leave to Amend Answer, dated December 30, 2003 (hereinafter referred to as the "Motion to Amend") should be denied because its proffered counterclaims are not ripe and fail to state claims upon which relief may be granted. Specifically, Trumbull seeks to amend its answer to assert a counterclaim for costs and attorneys fees despite the fact that the instant matter is not yet concluded and despite the fact that it has not prevailed in the present declaratory judgment action. Furthermore, Trumbull seeks to assert counterclaims for breach of contract and bad faith breach of contract despite the fact that Redland is not presently denying coverage to Trumbull under the Policy. Simply put, Trumbull is not presently entitled to claim

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

costs or attorneys fees or to assert that Redland has breached any contract with Trumbull.

## II.   ARGUMENT

### A.   Standard of Review for Motions to Amend

A motion to amend should be denied if permitting amendment would prejudice the opposing party, produce undue delay in litigation or result in futility for lack of merit. Fed.Rules Civ.Proc.Rule 15(a); Bleiler v. Cristwood Contracting Co. Inc., 868 F. Supp. 461, 463 (D. Conn. 1994), aff'd in part and rev'd in part, 72 F.3d 13 (2d Cir. 1995).   "An amendment is futile if it merely restates the same facts as the original complaint, reasserts a claim on which the court previously ruled, fails to state a legal theory, or could not withstand a motion to dismiss."   3 Moore's Federal Practice § 15.15[3], p. 15-48 (3d ed. 2000); Cortec Industries, Inc. v. Sum Holding L.P., 949 F.2d 42, 49 (2nd Cir. 1991) (when the facts are insufficient, a court should dismiss with prejudice); Avatar Exploration, Inc. v. Chevron, U.S.A., Inc., 933 F.2d 314, 321 (5th Cir.1991) (parole evidence not admissible, so it would be futile to grant permission to amend complaint to include it).   When an amendment cannot not withstand a Rule 12 motion to dismiss for failure to state a claim, then it is futile.  Rodgers v. Lincoln Towing Service, Inc., 771 F.2d 194, 204 (7th Cir.1985) (proposed amendment should be denied if it fails to allege facts to support a valid theory of liability or fails to have substantial merit.); see also Hoffman v. McNamara, 688 F. Supp. 830, 831 (D. Conn. 1988); Journal Pub. Co. v.

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

American Home Assurance Co., 771 F. Supp. 632, 635 (S.D.N.Y. 1991).  Likewise, an amendment is futile if it cannot withstand a motion for summary judgment.  3 Moore's Federal Practice § 15.15[3], p. 15-52 (3d ed. 2000); Milanese v. Rust-Oleum Corp., 244 F.3d 104, 110 (2nd Cir. 2001).

    **B.**    **The Motion to Amend Should Be Denied Because Trumbull's Counterclaims are Futile and Cannot Withstand A Motion To Dismiss**

Fed.Rules Civ.Proc.Rule 12(b)(6) allows for dismissal of a cause of action if the pleading party fails "to state a claim upon which relief may be granted."  Dismissal is appropriate when "it appears beyond doubt that the [pleading party] can prove no set of facts in support of his claim which would entitle him to relief."  Conley v. Gibson, 355 U.S. 41, 45-46 (1957).  In deciding whether dismissal is warranted, the Court accepts as true the non-conclusory allegations in a plaintiff's complaint.  Jones v. Greninger, 188 F.3d 322, 324 (5th Cir.1999).

In the instant matter, there has been no judicial declaration of any kind that Redland owes Trumbull a defense or indemnity in connection with the Edwards lawsuit.  Moreover, in order to assert its counterclaim seeking an award of costs and attorneys fees, Trumbull must first actually prevail in the instant matter.  Because Trumbull has not prevailed in the instant action and because Redland is not presently denying coverage to Trumbull under the Policy, Trumbull's counterclaims fail to state claims upon which relief can be granted.

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

The ripeness doctrine prevents courts from premature adjudication over abstract disagreements. New York Public Interest Research Group v. Whitman, 321 F.3d 316, 326 (2d Cir.2003). "When the events alleged in a . . . cause of action have not yet occurred, a federal court is precluded from exercising subject matter jurisdiction because a real case or controversy does not exist for purposes of Article III." Jungels v. State of New York, 50 Fed.Appx. 43, 44, 2002 WL 31478981 (2d Cir.2002) (citations and internal quotations omitted). Thus, "[r]ipeness is a constitutional prerequisite to the exercise of jurisdiction" by the Court. Nutritional Health Alliance v. Shalala, 144 F.3d 220, 225 (2d Cir.1998).

Here, Trumbull cannot seek costs and attorneys' fees until and unless it prevails. Rule 54(d) of the Federal Rules of Civil Procedure provides that "costs shall be allowed as of course to the prevailing party unless the court otherwise directs." (Emphasis added.) Id. Because the rule speaks in terms of the prevailing party, "it is generally understood that the appropriate time for taxing costs is after a decision has been reached in the action." 10 C. Wright, A. Miller and Mr. Kane, Federal Practice and Procedures, § 2679, at 239 (1973); Knighton v. Watkins, 616 F.2d 795, 798 (5th Cir.1980). More importantly, Local Rule 11 provides that "[m]otions for attorneys' fees . . . shall be filed with the Clerk and served on opposing parties within 30 days of the entry of judgment. Any motions not complying with this rule shall be denied." In light of the express provisions of Rule 54(d) and Local Rule 11, Trumbull must wait until the

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

instant litigation is concluded before seeking an award of attorneys fees and costs. For this reason, Trumbull cannot properly seek costs and attorneys' fees by way of its Counterclaim. It can only do so after it has prevailed. Therefore, the court cannot entertain its claim because it lacks subject matter jurisdiction.

Trumbull's claims for breach of contract and bad faith breach of contract are also premature and not ripe. In order for there to be a breach of the subject insurance contract, Redland would have to deny benefits to which Trumbull is rightfully entitled. Thus, there must be a present denial of coverage in connection with the Edwards lawsuit in order to trigger any sort of breach of contract claim. By Trumbull's own admission, Redland is presently defending Trumbull in connection with the Edwards lawsuit. (Counterclaim, First Count, 17). Accordingly, Redland is not presently denying coverage. Because Redland is not presently denying coverage, Trumbull's claim for a breach of the covenant of good faith and fair dealing, which is based on alleged denial of coverage, must fail. Simply put, it cannot properly be said that Redland has breached the terms of the Policy, much less breached the insurance contract in bad faith. Trumbull's claims are not ripe and may never be ripe. If Redland prevails in the instant declaratory judgment action, it will not have any duty to defend or indemnify Trumbull in connection the Edwards lawsuit and will not be obligated to reimburse Trumbull for any costs or attorneys fees. Thus, Trumbull's Motion to Amend is not ripe and the court is deprived of subject matter jurisdiction.

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

As discussed above, the Court need not accept conclusory allegations in a counterclaim in deciding a motion to dismiss. Indeed, Trumbull's allegation that Redland has denied coverage is strictly a conclusion with no basis in fact. When, as here, the events alleged in cause of action have not yet occurred, a federal court is precluded from exercising subject matter jurisdiction because a real case or controversy does not exist for purposes of Article III. Thus, the proposed amendments are futile because they cannot withstand a motion to dismiss.

### C. The Motion to Amend Should Be Denied Because Trumbull's Counterclaims are Futile Cannot Withstand A Motion For Summary Judgment.

It settled in the Second Circuit that a motion to amend is futile if it cannot withstand a motion for summary judgment. Milanese v. Rust-Oleum Corp., 244 F.3d 104, 110 (2nd Cir. 2001); see also Wilson v. American Trans Air, Inc., 874 F.2d 386, 392 (7th Cir. 1989) (amendment did not support a motion for summary judgment because it did not contain sufficient basis to support the allegations); 3 Moore's Federal Practice § 15.15[3], p. 15-52 (3d ed. 2000).

Under Fed.R.Civ.Pro. 56(c), summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Summary judgment must be entered "against a party who fails to make a showing sufficient to establish the

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex Corp. v. Catrett, 477 U.S. 317, 322, (1986).

Here, it is undisputed that Redland is presently defending Trumbull and that it is not presently denying coverage to Trumbull in connection with the Edwards lawsuit. The present declaratory judgment action was commenced to determine Redland's coverage obligations with respect to the Edwards lawsuit. The instant action is pending and there has been no judicial determination concerning Redland's coverage obligations. It follows, therefore, that Trumbull cannot prevail in its claim for costs and attorneys' fees because there has not been a judicial determination in its favor. For this reason, Redland would presently be entitled to a judgment in its favor as to Third Count of Trumbull's counterclaim. Similarly, Trumbull cannot presently prevail with respect to its claims for breach of contract and bad faith breach of contract because Redland is not presently in breach of the Policy. Until and unless there is a denial of coverage without a judicial determination concerning Redland's coverage obligations, Trumbull cannot prevail in with regard to its counterclaims. Because Trumbull's claims for breach of contract and breach of the covenant of good faith and fair dealing are not presently valid, Redland would be entitled to judgment in its favor as a matter of law as to the First Count and Second Count of Trumbull's counterclaim. The proposed amendments, therefore, are futile because they cannot withstand a motion for summary judgment.

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

### III. CONCLUSION

**WHERFORE**, for the foregoing reasons, Redland respectfully requests that Trumbull's Motion to Amend be denied.

THE PLAINTIFF:
REDLAND INSURANCE COMPANY

By_____
   Stephen H. Broer of
   HALLORAN & SAGE  LLP
   Fed. Bar #ct21637
   One Goodwin Square
   225 Asylum Street
   Hartford, CT  06103
   (860) 522-6103

## CERTIFICATION

This is to certify that on this 20th day of January, 2004, I hereby mailed a copy of the foregoing to:

Stephen Jacques, Esq.
Moore, O'Brien, Jacques & Yelenak
700 West Johnson Avenue
Cheshire, Connecticut 06410

S. Peter Sachner
Tyler Cooper & Alcorn, Llp
205 Church Street
P.O. Box 1936
New Haven, Connecticut 06509


_____
Stephen H. Broer

505994.1(HS-FP)

- 10 -