UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| REDLAND INSURANCE COMPANY | : | |
| | : | CIVIL ACTION |
| Plaintiff | : | NO. 3:03 CV 0329 (AWT) |
| | : | |
| V. | : | |
| | : | |
| TRUMBULL SHOPPING CENTER, LLC #2, a/k/a | : | |
| WESTLAND PROPERTIES, INC. a/k/a | : | |
| WESTLAND PROPERTY, INC. a/k/a | : | |
| WESTFIELD AMERICA, INC. a/k/a | : | |
| WESTFIELD CORPORATION, INC. and | : | |
| JANET EDWARDS | : | |
| | : | |
| Defendants | : | JANUARY 26, 2004 |

### PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

Pursuant to Rule 56 of the Federal Rules of Civil Procedure and Local Rule 56, the plaintiff, Redland Insurance Company ("Redland"), hereby moves for summary judgment as to its Complaint dated February 25, 2003.

This declaratory judgment action arises out of a slip and fall incident involving the defendant, Janet Edwards, which allegedly occurred on November 18, 1999 at the Trumbull Shopping Park owned by the defendant, Trumbull Shopping Center, LLC #2, a/k/a Westland Properties, Inc. a/k/a, Westland Property, Inc. a/k/a, Westfield America, Inc. a/k/a, Westfield Corporation, Inc. (hereinafter referred to as "Trumbull"). Trumbull contends that Redland is obligated to defend and indemnify it for claims asserted

**ORAL ARGUMENT REQUESTED**

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

against it by Edwards in connection with the incident pursuant to the terms of a Commercial General Liability insurance policy, number GL99600875 (hereinafter referred to as the "Policy"), that named an entity known as E2, Inc. (hereinafter referred to as "E2") as the named insured.  Trumbull maintains that it was an additional insured under the Policy pursuant to a Certificate of Insurance (hereinafter referred to as the "Certificate") issued by E2's insurance agent to Trumbull.

    Redland moves for summary judgment on the basis that, as a matter of law, Trumbull is not an insured under the Policy.  Specifically, Trumbull was not specifically declared as an additional insured with respect to a specific concert and it was not an owner or lessor of a premises leased, rented or loaned to E2.  Accordingly, Redland is entitled to judgment in its favor as a matter of law.

    A supporting Memorandum of Law as required by Local Rule 56 (a) (4), as well as a Statement of Undisputed Material Facts as required by Local Rule 56 (a) (1), accompanies this Motion.  In addition, the plaintiff's Motion is accompanied and supported by documentary evidence.

    **PLAINTIFF,**
    **REDLAND INSURANCE COMPANY**

    By _____    Date: _____
        Stephen H. Broer
        HALLORAN & SAGE  LLP
        Fed. Bar #ct21637
        One Goodwin Square
        225 Asylum Street
        Hartford, Connecticut 06103
        (860) 522-6103

One Goodwin Square
225 Asylum Street
Hartford, CT 06103


HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

HALLORAN
& SAGE LLP

## **CERTIFICATON**

    This is to certify that on this 26th day of January, 2004, a copy of the foregoing Consented Motion for Enlargement of Time was mailed, postage-prepaid or hand-delivered to:

Stephen Jacques, Esq.
Moore, O'Brien, Jacques & Yelenak
700 West Johnson Avenue
Cheshire, Connecticut 06410

S. Peter Sachner
Tyler Cooper & Alcorn, LLP
205 Church Street
P.O. Box 1936
New Haven, Connecticut 06509

                                                                    _____
                                                                      Stephen H. Broer

507419.1(HSFP)

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105