**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | | |
|---|---|---|
| REDLAND INSURANCE COMPANY | : | |
| | : | CIVIL ACTION |
| Plaintiff | : | NO. 3:03 CV 0329 (AWT) |
| | : | |
| V. | : | |
| | : | |
| TRUMBULL SHOPPING CENTER, LLC #2, a/k/a | : | |
| WESTLAND PROPERTIES, INC. a/k/a | : | |
| WESTLAND PROPERTY, INC. a/k/a | : | |
| WESTFIELD AMERICA, INC. a/k/a | : | |
| WESTFIELD CORPORATION, INC. and | : | |
| JANET EDWARDS | : | |
| | : | |
| Defendants | : | JANUARY 26, 2004 |

**CONSOLITATED MEMORANDUM OF LAW IN SUPPORT OF**
**PLAINTIFF'S CROSS-MOTION FOR SUMMARY JUDGMENT AND IN OPPOSITION**
**TO THE DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

**I.    INTRODUCTION**

This declaratory judgment action was commenced by the plaintiff, Redland

Insurance Company (hereinafter referred to as "Redland"), by complaint dated February

25, 2003.  Redland is seeking a judgment declaring that it has no obligation to defend or

indemnify the defendant, Trumbull Shopping Center, LLC #2, a/k/a Westland Properties,

Inc. a/k/a, Westland Property, Inc. a/k/a, Westfield America, Inc. a/k/a, Westfield

Corporation, Inc. (hereinafter referred to as "Trumbull") in connection with a slip and fall

incident (hereinafter referred to as the "Incident") involving the defendant, Janet

Edwards (hereinafter referred to as "Edwards"), which allegedly occurred on November

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

**HALLORAN**
**& SAGE LLP**

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

18, 1999 at the Trumbull Shopping Park (hereinafter referred to as the "Mall").  Trumbull contends that Redland is obligated to defend and indemnify it for claims asserted against it by Edwards in connection with the Incident, particularly, a state lawsuit currently pending in the Judicial District of Fairfield at Bridgeport, bearing docket number CV 00-0386309-S (hereinafter the "Edwards lawsuit") pursuant to the terms of a Commercial General Liability insurance policy, number GL99600875 (hereinafter referred to as the "Policy"), that named an entity known as E2, Inc. (hereinafter referred to as "E2") as the named insured.  Trumbull maintains that it was an additional insured under the Policy pursuant to a Certificate of Insurance (hereinafter referred to as the "Certificate") issued by E2's insurance agent to Trumbull.  (Westland's Local Rule 56(a)(1) Statement, dated December 30, 2003 (hereinafter referred to as the "Defendant's Statement"), ¶¶1-2).  A copy of the Policy is attached to Redland's Local Rule 56 (a)(1) Statement (hereinafter referred to as the "Plaintiff's Statement") at Tab A, sub-Tab 1.

Redland moves for summary judgment – and objects to the Motion for Summary Judgment filed by Trumbull on December 30, 2003 – on the basis that, as a matter of law, Trumbull is not an insured under the Policy.

## II.   UNDISPUTED FACTS

In the Edwards lawsuit, Edwards, alleges that on or about November 18, 1999, she was caused to slip and fall off an elevated stage located at the Trumbull Shopping Park in Trumbull, Connecticut.  (Plaintiff's Statement, ¶3).  Edwards alleges that she

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

sustained injuries as a result of that fall and that the damages and injuries she sustained were proximately caused by the negligence of Trumbull.  (Id., ¶4).

The insuring agreement of the Policy, Section 1-Coverages, Coverage A, obligates Redland to "pay those sums that the insured becomes legally obligated to pay as damages because of 'bodily injury' or 'property damage' to which this insurance applies." (Id., 6; Policy).  The Policy further provides in Section I-Coverages, Coverage A that "We will have the right and duty to defend any 'suit' seeking those damages.  We may at our discretion investigate any 'occurrence' and settle any claim or 'suit' that may result." (Plaintiff's Statement, ¶7; Policy).  The Policy further provides, by endorsement GL Conpro1 1298 Concert Promoter Program Special Endorsement (hereinafter referred to as the "Endorsement"), as follows:

> This endorsement modifies such insurance as is afforded by the provisions of this policy in its entirety.
>
> A.    Specific Coverage
>
> Unless otherwise specifically included, this insurance applies only to liability arising out of the Named Insured's operations as a concert promoter.
>
> B.    Additional Insureds
>
> Only if specifically declared as an "Additional Insured" with respect to a specific concert, as evidenced by a Certificate of Insurance issued for the Named Insured by or on behalf of the Company, it is agreed that "Who Is An Insured Provision" is amended to include as an insured any person or organization of the types designated below, but only with respect to liability arising out of the Named Insured's operations as a concert promoter:

- 3 –

One Goodwin Square
225 Asylum Street
Hartford, CT 06103


Halloran
& Sage LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

1.    Owners and/or lessors of premises <u>leased</u>, <u>rented</u> or <u>loaned</u> to the Named Insured, subject to the following additional exclusions:

        a.    This insurance does not apply to any occurrence which takes place after the Named Insured ceases to be a <u>tenant</u> in said premises;

        b.    This insurance does not apply to structural alterations, new construction or demolition operations performed by or on behalf of the owner and/or lessors of said premises;

        c.    This insurance does not apply to any design defect or structural maintenance of said premises."

2.    Performers.

    Any other type of person or organization to be included under this policy as an "Additional Insured" must be submitted to the Company for prior approval and shall not be an "Additional Insured" unless added to the policy by endorsement.

    With respect to any "Additional Insured" included under this policy, this insurance does not apply to the sole negligence of such "Additional Insured."

(Emphasis added.) (Plaintiff's Statement, ¶8; Policy).

On or about October 14, 1999, Trumbull entered into a written contract with E2 (hereinafter referred to as the "Contract") for a show to take place on November 18, 1999. (Plaintiff's Statement, ¶9). The Contract states at ¶18 that it "sets forth the entire agreement between the parties with respect to the subject matter hereof, and no modification, amendment, waiver, termination, or discharge of any provision hereof shall

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

be binding upon the parties unless confirmed by a written instrument executed by both parties." (Id., ¶10). The Contract does not require that E2 name the Mall as an additional insured under the Redland Policy and does not obligate E2 to defend or indemnify the Mall under any circumstances. (Id., ¶11). The Contract does not require or permit the Mall to lease, rent or loan any premises to E2. (Id., ¶12). On or before November 18, 1999, E2's insurance agent issued a Certificate of Insurance (hereinafter referred to as the "Certificate") to the Mall. (Id., ¶13). The Certificate states in all capital letters that "THIS CERTIFICATE IS ISSUED AS A MATTER OF INFORMATION ONLY AND CONFERS NO RIGHTS UPON THE CERTIFICATE HOLDER. THIS CERTIFICATE DOES NOT AMEND, EXTEND, OR ALTER THE COVERAGE AFFORDED BY THE POLICIES BELOW." (Id., ¶14). The Certificate states that "Certificate holder is named as additional insured as respects the operations of the named insured." (Id., ¶15). Trumbull is listed as Certificate Holder on the Certificate. (Id., ¶16). The Certificate does not specify any concert, the date(s) or time(s) of any concert, any location(s) of any concert(s) or provide any details concerning any concert(s). (Id., ¶17).

## III.    LEGAL STANDARDS

### A.    Standard Of Review

Rule 56 of the Federal Rules of Civil Procedure provides for the granting of summary judgment where the moving party shows that there is no genuine issue as to any material fact and that it is entitled to judgment as a matter of law. The moving party

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

assumes the duty of demonstrating the absence of any material facts genuinely in dispute.  <u>American International Group, Inc. v. London American International Corp</u>., 664 F.2d 348, 351 (2d Cir. 1981).  In ruling on a motion for summary judgment, the court liberally construes the pleadings, affidavits and exhibits and resolves all ambiguities and draws all reasonable inferences against the moving party.  <u>Pacific Indemnity Co. v. Golden</u>, 791 F. Supp. 935, 937 (D. Conn. 1991).  The court's function at the summary judgment stage is not to weigh the evidence, but to ascertain whether or not any genuine issue for trial exists.  <u>SEC v. Electronics Warehouse, Inc</u>., 689 F. Supp. 53, 59 (D. Conn. 1988).

**B.  <u>Construction of Insurance Contracts</u>**

The issue of whether Trumbull is entitled to coverage under the Policy involves the interpretation of an insurance contract and, therefore, the rules of contract construction govern.  <u>ARB Construction, LLC v. Pinney Construction Corp.</u>, 75 Conn.App. 151, 154, 815 A.2d 705 (2003).

> "Under well-settled Connecticut law, it is the function of the court to construe the provisions of the contract of insurance.  The interpretation of an insurance policy involves a determination of the intent of the parties as expressed by the language of the policy . . . .  A contract of insurance must be viewed in its entirety . . . giving the words of the policy their natural and ordinary meaning. . . . Although any ambiguity in the terms of the policy must be construed in favor of the insured . . . a necessary predicate to this rule of construction is a determination that the terms of the insurance policy are indeed ambiguous . . . terms in a policy are to be construed from the perspective of a reasonable layperson in the position of the purchaser of the policy . . . .   A contract is not ambiguous merely because different interpretations are advocated by the parties. . . .

One Goodwin Square
225 Asylum Street
Hartford, CT 06103



HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

> Terms that are not defined in the policy but are nonetheless clear must be given effect in accordance with the reasonable and natural interpretation of such language. . . ."

(Citations omitted; internal quotation marks omitted).  Sayles v. State Farm, 289 F.3d 181,185-86 (2002).  See also, Poole v. Waterbury, 266 Conn. 68, 87-88, 831 A.2d 211 (2003); ARB Construction, LLC v. Pinney Construction Corp., 75 Conn.App. 151, 154, 815 A.2d 705 (2003).

Moreover, "[a] court cannot rewrite [a] policy of insurance or read into the insurance contract that which is not there. . . .  [T]he liability of the insurer is not to be extended beyond the express terms of the contract."  (Citations omitted; internal quotation marks omitted.)  Hammer v. Lumberman's Mut. Cas. Co., 214 Conn. 573, 590, 573 A.2d 699, 707 (1990).   "[E]ach and every sentence, clause, and word of a contract of insurance should be given operative effect. Since it must be assumed that each word contained in an insurance policy is intended to serve a purpose, every term will be given effect if that can be done by any reasonable construction. . . .  A construction of an insurance policy which entirely neutralizes one provision should not be adopted if the contract is susceptible of another construction which gives effect to all of its provisions and is consistent with the general intent."  (Internal quotation marks omitted.) Hansen v. Ohio Cas. Ins. Co., 239 Conn. 537, 548, 687 A.2d 1262, 1267 (1996).

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

## IV.    ARGUMENT OF LAW

### A.    There Is No Coverage Available to Redland Because It Is Not An Insured Under The Policy

Resolution of the coverage issues in this case turns upon the Court's application of the longstanding, well-established rules governing policy construction discussed above.  Proper application of those legal principles to the language of the Policy reveals clearly that the Trumbull is not an insured under the Policy.  The Endorsement portion of the Policy provides that a person or entity is an additional insured under the Policy only if, among other requirements, the following two conditions are met:  (1) the person or entity is specifically declared as an additional insured with respect to a _specific_ concert and (2) the person or entity is an owner or lessor of _premises_ leased, rented or loaned to the Named Insured.  In the instant matter, Trumbull cannot satisfy either of these conditions and, therefore, it is not an insured under the Policy.  Accordingly, Redland is entitled to judgment in its favor as a matter of law.

### 1.    The Certificate Does Not Declare Trumbull As An Additional Insured With Respect To A Specific Concert

Significantly, the Endorsement unambiguously provides that in order to qualify as an additional insured under the Policy, a person or entity must be specifically declared as an additional insured with respect to a specific concert.  Here, Trumbull was never declared as an additional insured with respect to a specific concert.  Accordingly, it is not an additional insured under the Policy.

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

The Policy does not define the word "specific."  Accordingly, the court may look to dictionary definitions of the word in order to give effect to the term in accordance with its reasonable and natural interpretation.  See, <u>Sayles v. State Farm</u>, supra, 289 F.3d at 186; <u>Moore v. Continental Casualty Co.</u>, 252 Conn. 405, 410-11, 746 A.2d 1252, 1254-55 (2000).  Black's Law Dictionary (7th Ed.) defines the term "specific" as "designating a particular and defined thing . . . a particular named thing."  Thus, in order for Trumbull to be considered an additional insured under the Policy, Trumbull would have to be declared as an additional insured with respect to a particular, defined and named concert.

In the instant matter, however, Trumbull was never declared as an additional insured with respect to a specific concert.  Indeed, a cursory review of the Certificate reveals clearly that it does not identify a particular concert, the location of any concert, the time or date of any concert, or otherwise provide any definition, details or descriptions concerning any concert.

Notably, however, Trumbull fails completely to analyze the issue of whether it was ever declared as an additional insured with respect to a specific concert.  It ignores this issue, perhaps based upon its recognition that it cannot satisfy the threshold requirement that it be named an additional insured with respect to a specific concert.  In fact, Trumbull impliedly acknowledges, in a two-sentence footnote in the facts portion of its memorandum of law dated December 30, 2003 in support of its Motion for Summary

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

Judgment (hereinafter referred to as the "Defendant's Memorandum"), that the

Certificate may be defective so as to defeat coverage.  (See, Id., p.5, footnote 4).[1]

Although Trumbull ignores the fact that it was never declared as an additional

insured with respect to a specific concert, the court is not permitted to do the same.

QSP v. Aetna Cas. & Sur. Co., 256 Conn. 343, 351, 773 A.2d 906, 913 (2001).  It is well

established that,  "[a] court cannot rewrite [an insurance] policy . . . . "  (Citations

omitted; internal quotation marks omitted.)  Hammer v. Lumberman's Mut. Cas. Co.,

supra, 214 Conn. at 590, 573 A.2d at 707.

In the instant matter, Trumbull seeks to be covered, not for a specific concert at a

specific time, at a specific location, but, rather, for anything and everything, without

limitation, as respects E2's operations during the entire duration of the Policy.

According to Trumbull's reading of the Policy, Trumbull is an additional insured with

regard to an endless array of conduct not limited in space or time.  This is something

clearly not envisioned by the parties to the insurance contract and is something not

stated in the Policy.  Simply put, the Policy, by its express language, does not permit or

contemplate the sweeping reading of the Endorsement advocated by Trumbull.

---

[1]     In light of Trumbull's contention that the Certificate was issued by E2's insurance agent, not by E2 itself, there is no factual predicate supporting Trumbull's assertion that the Certificate was issued by E2.  (See, Defendant's Statement, ¶6).  Also lacking factual support is Trumbull's reference to E2 somehow acting as Redland's agent with respect to the issuance of the Certificate.  Additionally, Trumbull does not provide any legal analysis concerning its reference to the doctrine of estoppel.  Accordingly, Redland is not estopped from arguing that the Certificate does not declare Trumbull as an additional insured with respect to a specific concert.

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

Undeniably, the Certificate, by its express language, does not confer any rights upon Trumbull. Nor does it amend or extend coverage under the Policy. Furthermore, because the plain and unambiguous language of the Policy does not extend coverage to persons or entities not properly named as additional insureds, the Policy does not confer any rights upon Trumbull.

Thus, a reasonable layperson reviewing the terms of the Policy would conclude that Trumbull is not an additional insured under the Policy. Simply put, the ordinary meanings of the provisions of the Policy discussed above reflect clearly that Redland agreed to include as additional insureds only those persons or entities specifically identified with respect to a specific concert. Because the Certificate does not identify a specific concert, Trumbull cannot be an additional insured under the Policy.

Where the language of an endorsement is clear and unambiguous, it should be given effect. See, e.g., Sayles v. State Farm, supra, 289 F.3d at 185-86; Bonito v. Cambridge Mut. Fire Ins. Co., 64 Conn.App. 487, 493, 780 A.2d 984, 988 (2001); U.S. Fidelity & Guar. v. Drazic, 877 S.W.2d 140 (Mo.App. E.D., 1994).

In Sayles, the Court of Appeals for the Second Circuit reversed a district court ruling granting summary judgment in favor of insureds where the district court impermissibly failed to give effect of the plain language of the subject liability policy. At issue was whether payments under the tortfeasor's excess policy could be considered in determining tortfeasor's underinsured status. Sayles, 182. The Court of Appeals held that the subject liability policy's definition of underinsured motor vehicle in terms of

- 11 –

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

"limits of liability" unambiguously referred to secondary as well as primary coverage of allegedly underinsured vehicle.  Id., 187.  In reversing the district court's decision, the Sayles Court referred to the well-established rules of policy interpretation discussed above and expressly noted that "the district court did not give the [policy] language . . . [its] natural and ordinary meaning[ ]."  Id., 186.

In Bonito, the Connecticut Appellate Court examined a replacement cost endorsement on a homeowner's policy to determine whether it increased limits for other coverages.  Id., 493.  The court held that the plain language of the endorsement did not alter coverage limits.  Id.

In Drazic, the court examined liability insurance contract listing the defendants as additional insureds "but only with respect to liability arising out of the ownership, maintenance or use of that part of the premises designated below leased to the named insured . . . ."  Id. at 143.  The premises specifically "designated below" in the policy was "418 Manchester Road."  No mention was made concerning coverage for an adjacent parking lot.  The Drazic court refused to extend coverage to the accident that occurred in the parking lot because the parking lot was not specifically "designated below" as part of the premises insured under the additional insured endorsement.  Id. at 143.

As in each of the cases discussed above, the policy language at issue in this case is clear and unambiguous and precludes coverage as to Trumbull.  Simply put, coverage cannot be created where none exists.  See, e.g., Yale University v. Cigna Ins. Co.,224 F.Supp.2d 402, 410 (2002) ("The mere absence of specific exclusions,

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

standing alone, does not create coverage where it otherwise does not exist under the express terms of the policy") (citing to <u>Commercial Union Ins. Co. v. Flagship Marine Services, Inc.</u>, 190 F.3d 26, 33 (2d Cir.1999)).

Further supporting Redland's reasonable reading of the Policy is the fact that there is no evidence that E2 was ever obligated to defend and/or indemnify Trumbull pursuant to any contract.  Here, it is undisputed that the Contract between E2 and the Mall constitutes the entire agreement between the parties and that the Contract does not obligate E2 to defend or indemnify the Mall for anything.  Furthermore, it is undisputed that no written and signed modification or amendment of any provision of the Contract exists which would create any such obligation.  Accordingly, there is no basis supporting Trumbull's contention that Trumbull ever required E2 to name Trumbull as an additional insured under the Policy.  (See, Defendant's Statement, ¶4; Plaintiff's Statement, ¶¶10-11).  Certainly, pursuant to the plain language of the Contract, any alleged "requirement" that E2 name Trumbull as an additional insured would be unenforceable absent a written instrument signed by both E2 and the Mall so stating.  To the extent, therefore, that Trumbull claims that it "required" E2 to name Trumbull as an additional insured under the Policy, that so-called "requirement" must be deemed inconsequential and without merit with respect to the coverage issues in this case.

To accept Trumbull's interpretation of the Policy would render the language of the Endorsement meaningless and would require the court to import into the Endorsement language or a meaning that is not there.  In order to reach the result

– 13 –

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

advocated by Trumbull, this court would have to ignore the clear language of the Policy as well as the case law discussed above.  It would require this court to read the pertinent Endorsement language out of the Policy, which is something it is not permitted to do.  QSP v. Aetna Cas. & Sur. Co., supra, 256 Conn. at351, 773 A.2d at 913.  It is well established that,  "[a] court cannot rewrite [an insurance] policy . . . . "  (Citations omitted; internal quotation marks omitted.)  Hammer, 214 Conn. at 590, 573 A.2d at 707.

Because the Endorsement unambiguously requires that a prospective additional insured be specifically declared as such with respect to a specific event, and because the Certificate does not declare Trumbull as an additional insured with respect to a specific event, Trumbull is not an additional insured under the Policy.  Accordingly, Redland is entitled to judgment in its favor as a matter of law.

### 2.    Trumbull Did Not Lease, Rent Or Lend Its Premises To E2

The Endorsement unambiguously provides that in order to qualify as an additional insured under the Policy, the putative additional insured must be the owner or lessor of a premises and that it lease, rent or loan the premises to the named insured. Trumbull contends that it owned the Mall at the time of the Incident.  This fact is not in dispute.  Moreover, Trumbull does not argue that it leased or rented any premises to E2.  Accordingly, the only issue in dispute regarding this provision of the Policy is whether Trumbull loaned the Mall premises to E2.

– 14 –

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

Trumbull argues, and Redland agrees, that the Policy does not define the term "loan" and that, under such circumstances, it is appropriate to look to other sources to determine the plain meaning of that term.  See, <u>Sayles</u>, 186; <u>Moore v. Continental Casualty Co.</u>, supra, 252 Conn. at 410-11, 746 A.2d at 1254-55.  However, Trumbull's claim that it somehow loaned the premises to E2 is clearly misplaced in light of the common sense reality of the situation as a whole, as well as dictionary definitions and Trumbull's concessions concerning the meaning of the term "premises."

Black's Law Dictionary (7th Ed.) defines the term "lend" as allowing the temporary use of something on condition that the thing be returned.  The fact that the thing must be returned necessarily requires that the thing first be provided to the borrower for his or her use.  In the instant matter, the thing required to be loaned is the Mall premises, which refers to the entire building and its grounds.  Black's Law Dictionary (7th Ed.); see, Connecticut General Statutes 47a-1 (g)(defining premises in relevant part as "a dwelling unit and the structure of which it is a part and facilities and appurtenances therein and grounds, areas and facilities . . . .").  Trumbull concedes in the Defendant's Memorandum that "[t]he plain ordinary meaning of 'premises' is real property – the land and the building itself.  It does not include a portable, temporary structure such as the stage used by E2."  (<u>Id</u>., p. 13).  Thus, Trumbull agrees that the Mall premises includes the entire building and grounds.

Undeniably, the Mall and its grounds – the Mall premises – was never loaned to E2.  The Contract does not contain any provision requiring or permitting the premises to

One Goodwin Square
225 Asylum Street
Hartford, CT 06103


HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

be loaned to E2. No signed amendments to the Contract exist which alter that fact. E2 never became a tenant of the premises. Furthermore, there is no evidence indicating that Trumbull ever abandoned its right to control the Mall premises or which indicate that E2 had any express rights with respect to operating or controlling the premises. There is no evidence establishing that E2 was free to close the Mall or any of its numerous stores or otherwise exert any control over the parking lot or any other portion of the premises. In fact, the Defendant's Statement makes clear that Trumbull retained complete control of the premises. (See, Defendant's Statement, ¶¶11, 12, 15 and 19).

Significantly, Trumbull does not attempt to argue that it loaned the Mall premises to E2. Although Trumbull acknowledges that it did not loan the Mall premises to E2, it argues, ignoring the plain language of the Policy, that it became an additional insured under the Policy simply by satisfying its contractual obligation to provide E2 with a staging area. (Defendant's Memorandum, p.12, footnote 10). In other words, Trumbull seems to contend that as long as it possibly loaned <u>something</u> to E2,[2] whether or not the premises, Trumbull must be included as an additional insured under the Policy.

The fallaciousness of this argument is clear. Based upon Trumbull's concession that "premises" refers to the Mall building and grounds, it is clear that, in this case, the Policy required that the entire Mall building and grounds be leased, rented or loaned to

---

[2]      Redland contends that the staging area was never loaned to E2. There is no evidence that E2 ever had control over that area. In fact, the evidence indicates otherwise, insofar as Trumbull was the entity that set up and disassembled the stage. (See, Defendant's Statement, ¶¶11, 12 and 15).

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

E2 in order for Trumbull to be included as an additional insured.  In arguing that this was done here, Trumbull devotes but one unsupported sentence:  "[Trumbull] clearly 'loaned' the Mall premises to E2 so that E2 could put on the show."  (Defendant's Memorandum, p. 11).  No analysis accompanies this sentence explaining how and when E2 ever had any sort of control over the Mall premises.  Moreover, Trumbull ignores the fact that the Policy itself contemplates that the premises – not merely a portion thereof – be loaned to the named insured in order to trigger an entity's status as an additional insured.  Furthermore, the Policy expressly contemplates that E2 be an actual tenant of the premises leased, rented or loaned to it.  (See, Endorsement, Section B.1.a.).  Here, there is no dispute that E2 was never a "tenant" of the Mall.

In light of the above discussion, a reasonable layperson reviewing the terms of Policy would conclude that Trumbull is not an additional insured under the Policy.  Simply put, the ordinary meaning of the provisions of the Policy discussed above reflect clearly that Redland agreed to include as additional insureds only those persons or entities leasing, renting or lending a building and its grounds to Redland's named insured.

To accept Trumbull's interpretation of the Policy would render the language of the Endorsement meaningless and would require the court to import into the Endorsement language or a meaning that is not there.  It would require this court to read the pertinent endorsement language out of the Policy, which is something it is not permitted to do.  QSP v. Aetna Cas. & Sur. Co., supra, 256 Conn. at 351, 773 A.2d at

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

913.  It is well established that,  "[a] court cannot rewrite [an insurance] policy . . . . "

(Citations omitted; internal quotation marks omitted.)  <u>Hammer v. Lumberman's Mut.</u>

<u>Cas. Co.</u>, at 590.

Because Trumbull never leased, rented or loaned the Mall premises to E2,

Trumbull cannot be an additional insured under the Policy.  Accordingly, Redland is

entitled to judgment in its favor as a matter of law.[3]

## V.     <u>CONCLUSION</u>

Based on the foregoing, Redland respectfully requests the court to enter a

judgment declaring that the plaintiff has no coverage obligations with respect to any

claims asserted by Trumbull under the Policy.

**PLAINTIFF,**
**REDLAND INSURANCE COMPANY**

By _____     Date: _____
          Stephen H. Broer
          HALLORAN & SAGE  LLP
          Fed. Bar #ct21637
          One Goodwin Square
          225 Asylum Street
          Hartford, Connecticut 06103
          (860) 522-6103

---

[3]      In light of the parties' agreement that Trumbull's "premises," for purposes of the court's analysis of the coverage issues in this case, refers to the entire Mall and its grounds, Redland does not argue herein that the subject stage was a defective premises within the meaning of the Policy.

- 18 –

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

**<u>CERTIFICATON</u>**

This is to certify that on this 26th day of January, 2004, a copy of the foregoing Consented Motion for Enlargement of Time was mailed, postage-prepaid or hand-delivered to:

Stephen Jacques, Esq.
Moore, O'Brien, Jacques & Yelenak
700 West Johnson Avenue
Cheshire, Connecticut 06410

S. Peter Sachner
Tyler Cooper & Alcorn, LLP
205 Church Street
P.O. Box 1936
New Haven, Connecticut 06509

_____
Stephen H. Broer

503782.1(HSFP)

HALLORAN
& SAGE LLP

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105