UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| REDLAND INSURANCE COMPANY | : |
| Plaintiff | : CIVIL ACTION |
| | : NO. 3:03 CV 0329 (AWT) |
| V. | : |
| | : |
| TRUMBULL SHOPPING CENTER, LLC #2, a/k/a | : |
| WESTLAND PROPERTIES, INC. a/k/a | : |
| WESTLAND PROPERTY, INC. a/k/a | : |
| WESTFIELD AMERICA, INC. a/k/a | : |
| WESTFIELD CORPORATION, INC. and | : |
| JANET EDWARDS | : |
| | : |
| Defendants | : JANUARY 26, 2004 |



**LOCAL RULE 56 (a) (1) STATEMENT OF UNDISPUTED MATERIAL
FACTS IN SUPPORT OF PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT**

Pursuant to Rule 56 (a) (1) of the Rules of the United States District Court for the District of Connecticut, the plaintiff submits this Statement of Material Facts in support of the plaintiff's Motion for Summary Judgment dated January 26, 2004. The plaintiff contends that the following facts are undisputed:

1. The Plaintiff, Redland Insurance Company (hereinafter referred to as "Redland"), is an Iowa corporation. (Affidavit of Patrick E. Greenwood (hereinafter referred to as the "Greenwood Affidavit"), attached hereto as <u>Exhibit A</u>, at ¶5).

2. By Complaint dated March 8, 2000, the defendant, Janet Edwards,

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

commenced a lawsuit against the defendant, Trumbull Shopping Center, LLC #2, a/k/a Westland Properties, Inc., a/k/a Westland Property, Inc., a/k/a Westfield America, Inc., a/k/a Westfield Corporation, Inc. (hereinafter "Trumbull") which was the owner of a shopping mall located at 5064 Main Street Trumbull, Connecticut known as Westfield Shopping Town Trumbull formerly known as the Trumbull Shopping Park (hereinafter referred to as the "Mall"), in the Superior Court for the Judicial District of Stamford, which case was subsequently transferred to the Judicial District of Fairfield at Bridgeport, bearing docket number CV 00-0386309-S (hereinafter the "Edwards lawsuit"). (Greenwood Affidavit, ¶7; Form 26(F) Report Of Parties' Planning Meeting dated September 4, 2003, Statement of Undisputed Facts (hereinafter referred to as the "Rule 26 (F) Report"), ¶2; Defendant Westland's Local Rule 56(a)(1) Statement, dated December 30, 2003 (hereinafter referred to as the "Defendant's Statement"), ¶¶1-2). The operative complaint in the Edwards lawsuit, upon information and belief, is dated August 3, 2000.  (Greenwood Affidavit, ¶7; Rule 26 (F) Report, ¶3).

3. In the Edwards lawsuit, the defendant, Janet Edwards, alleges that on or about November 18, 1999, she was caused to slip and fall off an elevated stage located at the Trumbull Shopping Park in Trumbull, Connecticut, and she sustained injuries as a result of that fall.  (Greenwood Affidavit, ¶8; Rule 26 (F) Report, ¶¶1 and 4; Defendant's Statement, ¶2).

4. In the Edwards lawsuit, the Defendant, Janet Edwards, alleges that the

- 2 -

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

damages and injuries she sustained were proximately caused by the negligence of the defendant, Trumbull. (Defendant's Statement, ¶19).

5. On November 18, 1999, the plaintiff, Redland Insurance Company, had in effect a Commercial General Liability policy, number GL99600875 which named E2, Inc., as the named insured (hereinafter referred to as the "Redland Policy"). (Rule 26 (F) Report, ¶6; Greenwood Affidavit ¶6; Defendant's Statement, ¶5).

6. The insuring agreement of the Redland Policy, in Section 1-Coverages, Coverage A obligates the plaintiff, Redland Insurance Company, to "pay those sums that the insured becomes legally obligated to pay as damages because of 'bodily injury' or 'property damage' to which this insurance applies." (Exhibit A, sub-tab 1).

7. The Redland Policy further provides in Section I-Coverages, Coverage A. that "We will have the right and duty to defend any 'suit' seeking those damages. We may at our discretion investigate any 'occurrence' and settle any claim or 'suit' that may result." (Exhibit A, sub-tab 1).

8. The Redland Policy further provides, by endorsement GL Conpro1 1298 Concert Promoter Program Special Endorsement that "This endorsement modifies such insurance as is afforded by the provisions of this policy in its entirety.

    A.    Specific Coverage

           Unless otherwise specifically included, this insurance applies only to liability arising out of the Named Insured's operations as a concert promoter.

    B.    Additional Insureds

- 3 -

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

> Only if specifically declared as an "Additional Insured" with respect to a specific concert, as evidenced by a Certificate of Insurance issued for the Named Insured by or on behalf of the Company, it is agreed that "Who Is An Insured Provision" is amended to include as an insured any person or organization of the types designated below, but only with respect to liability arising out of the Named Insured's operations as a concert promoter:
>
> 1. Owners and/or lessors of premises leased, rented or loaned to the Named Insured, subject to the following additional exclusions:
>
>    a. This insurance does not apply to any occurrence which takes place after the Named Insured ceases to be a tenant in said premises;
>
>    b. This insurance does not apply to structural alterations, new construction or demolition operations performed by or on behalf of the owner and/or lessors of said premises;
>
>    c. This insurance does not apply to any design defect or structural maintenance of said premises."
>
> 2. Performers.
>
>    Any other type of person or organization to be included under this policy as an "Additional Insured" must be submitted to the Company for prior approval and shall not be an "Additional Insured" unless added to the policy by endorsement.
>
>    With respect to any "Additional Insured" included under this policy, this insurance does not apply to the sole negligence of such "Additional Insured."

(Exhibit A, sub-tab 1).

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

9.  On or about October 14, 1999, Trumbull entered into a written contract with E2 (hereinafter referred to as the "Contract") for a show to take place on November 18, 1999. (Defendant's Statement, ¶6; Plaintiff's Statement, ¶9).

10. The Contract states at ¶18 that it "sets forth the entire agreement between the parties with respect to the subject matter hereof, and no modification, amendment, waiver, termination, or discharge of any provision hereof shall be binding upon the parties unless confirmed by a written instrument executed by both parties." (Defendant's Statement, ¶6; Affidavit of Nikki Riccio, dated December 29, 2003 (hereinafter referred to as the "Riccio Affidavit"), ¶5, tab A, attached to Defendant's Statement).

11. The Contract does not require that E2 name the Mall as an additional insured under the Redland Policy and does not obligate E2 to defend or indemnify the Mall under any circumstances. (Riccio Affidavit, ¶5, tab A, attached to Defendant's Statement; Greenwood Affidavit, ¶10).

12. The Contract does not require or permit the Mall to lease, rent or loan any premises to E2. (Riccio Affidavit, ¶5, tab A, attached to Defendant's Statement; Greenwood Affidavit, ¶11).

13. On or before November 18, 1999, E2's insurance agent issued a Certificate of Insurance (hereinafter referred to as the "Certificate") to the Mall. (Defendant's Statement, ¶6; Riccio Affidavit, ¶12, tab B, attached to Defendant's Statement; Greenwood Affidavit, ¶12).

-5-

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

14. The Certificate states in all capital letters that "THIS CERTIFICATE IS ISSUED AS A MATTER OF INFORMATIONONLY AND CONFERS NO RIGHTS UPON THE CERTIFICATE HOLDER. THIS CERTIFICATE DOES NOT AMEND, EXTEND, OR ALTER THE COVERAGE AFFORDED BY THE POLICIES BELOW." (Defendant's Statement, ¶6; Riccio Affidavit, ¶12, tab B, attached to Defendant's Statement).

15. The Certificate states that "Certificate holder is named as additional insured as respects the operations of the named insured." (Defendant's Statement, ¶6; Riccio Affidavit, ¶12, tab B, attached to Defendant's Statement).

16. Trumbull is listed as Certificate Holder on the Certificate. (Defendant's Statement, ¶6; Riccio Affidavit, ¶12, tab B, attached to Defendant's Statement).

17. The Certificate does not specify any date(s) or times of any concert(s), any location(s) of any concert(s) or provide any definitions or details concerning any concert(s). (Defendant's Statement, ¶6; Riccio Affidavit, ¶12, tab B, attached to Defendant's Statement).

18. The Certificate was issued as a matter of information only and does not confer any rights under the Redland Policy upon Trumbull. (Defendant's Statement, ¶6; Riccio Affidavit, ¶12, tab B, attached to Defendant's Statement; Greenwood Affidavit, ¶13).

19. Trumbull has made a demand upon Redland under the Redland Policy for defense and indemnification in connection with the claims asserted against it by Janet Edwards in the <u>Edwards</u> lawsuit. (Greenwood Affidavit, ¶15).

- 6 -

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

20. Redland alleges that it is not obligated to defend or indemnify Trumbull under the Policy in connection with the Edwards lawsuit because, among other reasons: (1) Trumbull is not an additional insured under the Redland Policy because the Certificate does not specifically declare Trumbull as an additional insured with respect to a specific concert, (2) the Redland Policy excludes insurance coverage for any design defect or structural maintenance and, therefore, coverage is excluded and (3) the Redland Policy does not provide coverage because Trumbull was not an owner and/or lessor of any premises leased, rented or loaned to E2. (Greenwood Affidavit, ¶16).

21. Notwithstanding its position that the Redland Policy does not afford coverage to Trumbull in connection with the claims asserted against it in the Edwards lawsuit, Redland is presently providing Trumbull with a defense in the Edwards lawsuit under a complete reservation of rights. (Greenwood Affidavit, ¶17).

22. Redland is not presently denying any obligation to indemnify Trumbull in connection with the claims asserted against it in the Edwards lawsuit but, rather, is reserving all of its rights under the Redland Policy and is presently seeking a judicial determination concerning its coverage obligations to Trumbull in connection with the Edwards lawsuit. (Greenwood Affidavit, ¶18).

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

PLAINTIFF,
REDLAND INSURANCE COMPANY

By: _____  Date: 1/26/04
Stephen H. Broer
HALLORAN & SAGE LLP
Fed. Bar #ct21637
One Goodwin Square
225 Asylum Street
Hartford, Connecticut 06103
(860) 522-6103

### CERTIFICATON

This is to certify that on this 26th day of January, 2004, a copy of the foregoing Consented Motion for Enlargement of Time was mailed, postage-prepaid or hand-delivered to:

Stephen Jacques, Esq.
Moore, O'Brien, Jacques & Yelenak
700 West Johnson Avenue
Cheshire, Connecticut 06410

S. Peter Sachner
Tyler Cooper & Alcorn, LLP
205 Church Street
P.O. Box 1936
New Haven, Connecticut 06509

_____
Stephen H. Broer

504066.1(HSFP)

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105